```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF MICHIGAN
 2                         SOUTHERN DIVISION

 3   UNITED STATES OF AMERICA,

 4            Plaintiff,
                                         HON. GEORGE CARAM STEEH
 5     v.                                No. 18-20421

 6   CRAIG DAVID EVANS,

 7            Defendant.
     _____/
 8

 9                         SENTENCING
                     (Held Via Videoconference)
10

        BEFORE THE HONORABLE GEORGE CARAM STEEH
11              United States District Judge
         Theodore Levin United States Courthouse
12            231 West Lafayette Boulevard
                    Detroit, Michigan
13
                   Thursday, May 6, 2021
14                     11:32 a.m.

15

     APPEARANCES:
16
        For the Plaintiff:          SARA WOODWARD
17                                   U.S. Attorney's Office
                                     211 West Fort Street
18                                   Suite 2001
                                     Detroit, Michigan  48226
19                                   (313) 226-9180

20

        For the Defendant:          BEN M. GONEK
21                                   Ben Gonek Law, P.C.
                                     14290 Northline Road
22                                   Southgate, Michigan  48195
                                     (313) 963-3377

23

24          To Obtain Certified Transcript, Contact:
        Leann S. Lizza, CSR-3746, RPR, CRR, RMR, CRC, RDR
25                     (313) 234-2608
```

**TABLE OF CONTENTS**

                                                            Page

  Allocution by Mr. Gonek                                    5

  Allocution by Ms. Woodward                                 7

  Allocution by the defendant                               10

  Imposition of sentence                                    10


Exhibits:                                              Received

  (None offered.)

| | |
|---|---|
| 1 | May 6, 2021 |
| 2 | Detroit, Michigan |
| 3 | -   -   - |

4    (Court, Counsel and Defendant present, 11:32 a.m.)

5            THE COURT CLERK:  United States District Court for the

6    Eastern District of Michigan is now in session; the Honorable

7    George Caram Steeh presiding.  Court calls Case

8    Number 18-20421, United States of America versus Craig David

9    Evans.  Counsel, please state your appearances for the record.

10            MS. WOODWARD:  Good morning, Your Honor.  Sara

11    Woodward on behalf of the United States.

12            THE COURT:  Good morning.

13            MR. GONEK:  Good morning, Your Honor.  Ben Gonek

14    appearing on behalf of Mr. Craig Evans.

15            THE COURT:  Okay.  Welcome.

16            Mr. Evans, you're present and again you can hear us

17    all?

18            THE DEFENDANT:  Yes, that's correct.

19            THE COURT:  All right.  Very fine.

20            Ms. France is here from probation, and we're here for

21    purposes of a sentencing hearing.  The Court has received a, I

22    believe, yes, a statement entitled Defendant's Intentions

23    Regarding the Sentencing Hearing, and this document seems to

24    indicate that Mr. Evans is prepared to consent to the hearing

25    as a virtual hearing in a Zoom format to be done with the

1   defendant's consent.  And I gather that is still the case,

2   Mr. Gonek, as far as you know?

3           MR. GONEK:  That's correct, Your Honor.  I spoke with

4   my client this week on Monday and as late as yesterday, and he

5   advises me that he wishes to proceed to sentencing via Zoom.

6           THE COURT:  All right.  Is that accurate, Mr. Evans?

7           THE DEFENDANT:  Yes, Your Honor.  That is accurate.

8           THE COURT:  You know you -- you understand that you do

9   have an absolute right to require this to be done in person and

10  when that might be available, sometime soon, but you believe it

11  serves your purposes to have the hearing here today?

12          THE DEFENDANT:  Yes, it suits my purposes.

13          THE COURT:  And you will waive your right to be in

14  person for this hearing as a consequence; is that right?

15          THE DEFENDANT:  Yes, Your Honor, I do.

16          THE COURT:  Any objection to pursuing this hearing

17  today in this format, Miss Woodward?

18          MS. WOODWARD:  No objection, Your Honor.  And if the

19  Court could just also make an ends-of-justice finding that

20  proceeding virtually also serves the ends of justice, I think

21  that would be great.  But no objections.

22          THE COURT:  All right.  Thank you.

23          And you would join in that conclusion, Mr. Gonek?

24          MR. GONEK:  I do, Your Honor.

25          THE COURT:  Yes, I'm satisfied that the ends of

1   justice are best served by avoiding any further delays and

2   conducting this as consented to by the parties.  And so the

3   Court in that connection has received a proposed -- actually a

4   memorandum both -- one submitted by the government and one

5   submitted by Mr. Gonek on behalf of Mr. Evans.  Both of those

6   documents include statements of fact and adoption of an

7   advisory guideline range in the case that seems to be agreed

8   upon between the parties as well.  Is that accurate?

9           MR. GONEK:  It is, Your Honor.

10          MS. WOODWARD:  Yes, Your Honor.

11          THE COURT:  Okay.  So the Court's had an opportunity

12  to peruse these documents, and it appears that there is an

13  agreement.  The Court is -- whereby the Court would find the

14  advisory guideline range in this case to be 97 to 21 -- 121

15  months in length.  So do both sides agree on the facts that are

16  set forth in the presentence report as well as the calculation

17  of the guideline range at 97 to 121 months?  Mr. Gonek?

18          MR. GONEK:  That is correct.

19          THE COURT:  All right.  Ms. Woodward?

20          MS. WOODWARD:  Yes, Your Honor.

21          THE COURT:  Okay.  What would you like the Court to

22  consider additionally, if anything, Mr. Gonek?

23          MR. GONEK:  Judge, I think I've highlighted all the

24  major points in the sentencing memorandum.  The plea agreement

25  in this case calls for a sentence of 120 months.  If it's

1   anything else, the government can withdraw, or if it's anything

2   more, the defendant can withdraw from the plea agreement.  Your

3   Honor, I think 120 months is certainly sufficient in this case.

4   Mr. Evans is 58 years old.  He has no prior felony convictions.

5   He had a childhood that was marred by abuse — physical, mental

6   and emotional abuse.  I think the presentence report is --

7   pretty much contains a theme that he certainly suffers from an

8   alcohol problem.  In fact, he had two prior misdemeanor

9   convictions for operating under the influence of liquor, a

10   prior case that was dismissed for open intox.  I think his

11   family has also indicated that he has an alcohol problem.  And

12   I say all that because I think that really is -- the abuse and

13   the alcohol led to the commission of the instant offense.

14        I would ask the Court to adopt the plea agreement --

15   or to accept the plea agreement by the parties, sentence

16   Mr. Evans appropriately to that 120 months, and we would ask

17   for recommendation of mental health treatment and alcohol

18   treatment through RDAP in the Federal Bureau of Prisons.

19        Mr. Evans does have a supportive family.  I believe

20   his sister spoke to the probation department, Doreen Simmons,

21   her name is Doreen Simmons, and indicated that they are

22   supportive of Mr. Evans.  He does have a bachelor's degree, I

23   believe, in accounting, and once he serves his term and is

24   released, if he gets the appropriate treatment, he will

25   certainly be a productive member of society and there will be a

1    low chance that he will commit another offense.

2              If the Court wants me to address restitution or the

3    waiver -- or the special assessment, I can do it now or I can

4    do it after the Court imposes a sentence.  I don't know how the

5    Court wants me to address.

6              THE COURT:  All right.  Well, why don't we initially

7    begin by calling on Ms. Woodward to hear what she has to say on

8    behalf of the government, and she can -- invite her to indicate

9    about restitution, what you would like to say in response to

10   Mr. Gonek's request that any determination of restitution be

11   deferred to, I believe, if I understood what you asked,

12   Mr. Gonek, it was that the Court not deal with it at this

13   point.  Is that right?

14             MR. GONEK:  Correct, as it relates to the $3,000 for

15   the eight victims.  Your Honor, I'm just simply requesting, and

16   it's my fault for not requesting it earlier.  Miss Woodward and

17   I can meet, and if she can show me that the victims that are

18   requesting restitution were actually victims in this case, then

19   we'll stipulate to it, and I think that that -- there would

20   really be no need for a hearing.

21             THE COURT:  Okay.  Now, Ms. Woodward.

22             MS. WOODWARD:  Thank you, Judge.

23             I'll start with restitution.  You know, I think some

24   things have maybe gotten -- we've lost track of because we were

25   scheduled to hold this sentencing in March of last year, so

1    it's been a little -- it's been a minute.  Mr. Evans was

2    represented at that time by different counsel, and I did

3    provide the Court and Miss Stout, his prior counsel, with

4    victim impact statements and restitution requests at that time.

5    It may be that Mr. Gonek hasn't seen those, and I can certainly

6    also show him.  You know, we get a report from the National

7    Center For Missing and Exploited Children identifying the

8    serious victims in a particular defendant's collection.  This

9    defendant's collection was over 27,000 files of child

10   pornography.  We received victim impact statements from over 20

11   and restitution requests from eight at the time that I wrote my

12   sentencing memo a year ago, but just this week I received

13   another one.

14          So all of that to say I'm happy to show Mr. Gonek the

15   documents establishing that the nine victims that have

16   submitted restitution requests were depicted in Mr. Evans's

17   collection, and then once he and I meet, we hopefully can

18   submit a stipulation to the Court for the $3,000 per victim

19   that we set forth in the plea agreement.

20          THE COURT:  Does that have to occur within a certain

21   period of time?

22          MS. WOODWARD:  It does.

23          THE COURT:  90 days or --

24          MS. WOODWARD:  Yes, that's right.  And I think we can

25   do it certainly faster than that, Mr. Gonek.  I don't think it

 1 | will take long.

 2 |         THE COURT:  Okay.  All right.  Is that agreeable,

 3 | Mr. Gonek?

 4 |         MR. GONEK:  Yes, sir.

 5 |         THE COURT:  Okay.  All right.  Okay.  Go ahead.

 6 |         MS. WOODWARD:  Thank you, Judge.

 7 |         As far as, you know, allocution for sentencing, I did

 8 | file a memo with the Court.  I know the Court is also a little

 9 | more familiar with this case because we had a suppression

10 | hearing and the Court heard testimony from, you know, a case

11 | agent and from Mr. Evans himself.  So I won't belabor the

12 | facts, but they're a little unusual here and more unusual than

13 | in -- not that there's really any run-of-the-mill child

14 | pornography case, but this is outside the standard child

15 | pornography case which is why the parties agreed on a 120-month

16 | sentence.

17 |         You know, Mr. Evans is here for child pornography

18 | crimes, and he did have a large collection of child

19 | pornography; as I said, over 27,000 files.  And, of course,

20 | that caused harm to the victims depicted in those images and

21 | videos.  But the Court is also familiar with the facts

22 | surrounding Mr. -- well, Victim 1 and Minor Victim 1, and my

23 | sentencing memo reminds the Court of the statements that

24 | Victim 1 made about how she came to be in the United States at

25 | a young age.  She was an adult, but she was still very young.

1    And also the statement from Minor Victim 1, that she was

2    sexually abused by the defendant.

3            The defendant does dispute that and that was -- and he

4    has maintained that he did not sexually abuse Minor Victim 1

5    but that is in the Court -- in the government's sentencing

6    memo.  And those are some of the facts behind why we had a

7    somewhat unusual resolution in this case to agree upon a

8    ten-year sentence.  And I think those facts justify the

9    ten-year sentence and gives the Court some satisfaction that

10   the parties' resolution is a fair and just one.  So we would

11   ask that the Court impose that ten-year sentence and then I

12   will work with Mr. Gonek on the restitution issue.

13           THE COURT:  All right.  Thank you, Miss Woodward.

14           Mr. Evans, what would you like the Court to hear

15   before sentence is imposed, sir?

16           THE DEFENDANT:  Judge, I'm [indiscernible] for what

17   I've done --

18           THE COURT:  Could you speak up just a little bit.  I'm

19   having some trouble hearing.

20           THE DEFENDANT:  I said I'm taking responsibility for

21   what I've done and very sorry for anything that's happened to

22   anybody.  That's really all I have to say.

23           THE COURT:  All right.  Thank you, Mr. Evans.

24           Well, the starting point for the Court's consideration

25   of an appropriate sentence in this case is the advisory

1    guideline range which has been agreed upon, and that's 97 to

2    121 months.  The Court will accept the Rule 11 plea agreement

3    that is an agreement among the parties that is suitable.  Term

4    of confinement is 120 months.  And the reasons I think that

5    have been outlined here from counsel are, again, agreed upon

6    between the parties as appropriate, and the Court will accept

7    their reasoning as both sides have explained what occurred

8    here.  And the Court is satisfied then that the sentence of 120

9    months is sufficient, not greater than necessary to accomplish

10   the goals of the sentencing statute and Section 3553(a).  And

11   the Court therefore will order pursuant to the sentencing

12   statute at -- oh, gosh, it's been awhile, I guess.  I don't

13   have the -- on the tip of my tongue, but the sentencing called

14   for under section -- well, let me see.  It's Sentencing Reform

15   Act of 1984?  I probably -- I don't know how many hundreds of

16   sentences I've imposed, and you would think I would remember

17   the statute, but that is a -- is the -- should include -- the

18   confinement order should include recommendation to the facility

19   that offers a residential sex offender treatment program would

20   be fully appropriate in this case.

21          Upon the defendant's release from confinement, the

22   Court will order that he be placed in supervised release for a

23   term of five years.  The Court will order a special assessment

24   in the amount of $100 which is due immediately, and the Court

25   will order that the Justice for Victims of Trafficking Act

1  which would otherwise require a $5,000 obligation is going to

2  be waived in this case given the lack of resources, financial

3  condition of the defendant.

4          The Court will waive the imposition of a fine, the

5  cost of confinement and the cost of supervision given, again,

6  the defendant's lack of resources in the case.  The Court will

7  order that he be subject to mandatory drug testing, and will be

8  obliged to cooperate with a collection of a DNA sample pursuant

9  to statute as directed by probation officer.

10         While on supervision, the defendant is going to be

11 ordered to abide by standard conditions adopted by the Eastern

12 District of Michigan and special conditions that include

13 additional provisions based on the need to protect the public.

14         The following conditions of probation will be

15 included:  Compliance with the requirements of the Sex Offender

16 Registration and Notification Act.  Mr. Evans will be required

17 to abide by the directions given by probation and any state

18 offender registration agency where the defendant may work,

19 reside or convicted of a qualifying offense.

20         The -- Mr. Evans must successfully complete any sex

21 offender diagnostic evaluation, treatments, counseling programs

22 as directed by probation, and the reports pertaining to sex

23 offender assessment and treatment should be provided to the

24 probation officer on request.  Based on his ability to pay,

25 Mr. Evans may have an obligation to cover the cost of

1  diagnostic evaluations, treatment or counseling programs in an

2  amount determined by the probation officer.

3          Mr. Evans will be obliged to avoid contact directly or

4  indirectly with any victim or witness in this offense unless

5  approved by probation, and he must not have direct contact with

6  any children or others under the age of 18 not including his

7  own children without the permission of probation.  If he does

8  have any direct contact with children he knows or reasonably

9  should know to be under the age of 18, the defendant must

10 report this contact to probation within 24 hours, and that

11 includes -- direct contact includes written communications,

12 physical -- or physical contact.  And direct contact does not

13 include incidental contact during ordinary daily activities in

14 public places.

15         Mr. Evans will be required to notify anyone he dates

16 or marries who has a minor under the age of 18 -- with a minor

17 child under the age of 18 of his conviction.  He must not

18 purchase, sell, use, possess images in any form or media, of

19 course, or live that depicts pornography, sexually explicit

20 contact, child erotica or child nudity.  He must not patronize

21 any place where such material is available.  And he must have

22 employment preapproved by probation, and must not be employed

23 or participate in any volunteer activities including contacts

24 with minors under the age of 18 or adults with disabilities

25 without prior approval of probation.

1    Mr. Evans will be required to have all of his

2    residences preapproved by probation and must not provide care

3    or live in a residence where children under the age of 18 or

4    adults with disabilities also reside without prior approval of

5    probation.  Mr. Evans must participate in the Computer Internet

6    Monitoring Program administered by the United States Probation

7    Department.  He must abide by the program participant agreement

8    in effect at the time of the supervision and comply with any

9    amendments to the program during the term of supervision.

10    Due to advances in technology, the Court will adopt

11    the amendments to the CIMP as necessary, that being the

12    computer monitoring program.

13    Mr. Evans should submit to -- by his person,

14    residence, office or vehicles to search on reasonable request

15    by probation at a reasonable time and reasonable manner based

16    upon reasonable suspicion of contraband or evidence of a

17    violation of the condition of release.  And his failure to

18    submit to a search may be grounds for revocation of

19    supervision.  And he must warn any residents of the premises

20    that it may be subject to searches.

21    Mr. Evans has self-reported a history of substance

22    abuse and mental health concerns, and the Court will recommend

23    during his confinement that he be referred for substance abuse

24    testing and treatment, that ultimately it has -- he is released

25    to supervision.  That testing will include testing for the use

1   of drugs or alcohol; make sure he hasn't reverted to that if

2   necessary.

3           Defendant participate in a program approved by

4   probation for substance abuse once released which may include

5   testing to determine whether he's reverted to the use of drugs

6   or alcohol.  And the defendant shall participate in a program

7   approved by probation for mental health counseling if

8   necessary.

9           Due to restitution being an issue in the case, the

10   Court will either receive a stipulation between the parties or

11   a request for a hearing if they're unable to reach an

12   agreement.

13           And so Mr. Gonek asked the Court to consider making a

14   recommendation for participation in a RDAP program, and

15   certainly it appears that his substance abuse would support the

16   reference and the help that Mr. Evans may need to cope once

17   released from confinement.  So the Court will include that

18   recommendation as made by Mr. Gonek.

19           Anything else that you believe the sentence ought to

20   include, Ms. France, from probation?  Anything you can think

21   of?

22           MS. FRANCE:  No, Your Honor.  I think you included

23   everything.

24           THE COURT:  Okay.  Ms. Woodward, anything on your

25   part?

 1          MS. WOODWARD:  Thank you, Judge.  If you could just

 2    confirm, when the Court said that the 120-month sentence was

 3    sufficient but not greater than necessary, I think that what

 4    you were implying, but if I could just confirm, was that you

 5    were -- made that conclusion by considering the factors set

 6    forth in 18 U.S.C. Section 3553(a).

 7          THE COURT:  Yes.  Thank you.  That should be

 8    clarified.  And it is, indeed, a sentence that I think fairly

 9    considers the factors that include an assessment in the

10    seriousness of the offense, background characteristics of the

11    defendant in committing the violations, the need to deter both

12    Mr. Evans as well as others who might be inclined to commit

13    similar violations, both specific and general deterrence,

14    therefore.  And those are the primary factors that I think are

15    essential to any sentencing decision and are fairly accounted

16    for in recommending a sentence of 120 months, again, something

17    agreed upon by both sides in this case.

18          Anything else you can think of, Ms. Woodward?

19          MS. WOODWARD:  No.  Thank you, Judge.

20          THE COURT:  Okay.  Mr. Gonek, anything on your part?

21          MR. GONEK:  No, sir.

22          THE COURT:  All right.  As much as the Court has

23    received and accepted the Rule 11 agreement in this case, I

24    won't be advising the defendant of a right to appeal the

25    conviction and sentence imposed, but I will wish you good luck,

```
 1   sir.

 2            THE DEFENDANT:  Thank you.

 3            MS. WOODWARD:  Judge, to the extent that we need to, I

 4   believe I need to make a motion to dismiss Count 2 of the

 5   indictment which charged the defendant with possession of child

 6   pornography.

 7            THE COURT:  Yes.  Pursuant to the agreement in the

 8   case, the Court will enter an order dismissing that count.

 9            MS. WOODWARD:  Thank you.

10            THE COURT:  Okay.  I think we got it covered.

11            MR. GONEK:  Thank you, everyone.

12            THE COURT:  Okay.  All right.  Very good.  Thank you.

13            MR. GONEK:  Bye-bye.

14            MS. WOODWARD:  Thank you.

15            THE COURT CLERK:  Court is adjourned.

16         (Proceedings concluded, 12:03 p.m.)

17                                    -    -    -

18

19

20

21

22

23

24

25
```

```
 1

 2                    CERTIFICATION OF REPORTER

 3

 4      I, Leann S. Lizza, do hereby certify that the above-entitled

 5    matter was taken before me remotely via videoconference at the

 6    time and place hereinbefore set forth; that the proceedings

 7    were duly recorded by me stenographically and reduced to

 8    computer transcription; that this is a true, full and correct

 9    transcript of my stenographic notes so taken; and that I am not

10    related to, nor of counsel to either party, nor interested in

11    the event of this cause.

12

13

14    S/Leann S. Lizza                                   5-24-2021

15    Leann S. Lizza, CSR-3746, RPR, CRR, RMR, RDR    Date

16

17

18

19

20

21

22

23

24

25
```